[No. 702-3.   Division Three.   December 21, 1973.]

ROBERT E. GRIFFITH *et al., Respondents,* v. UNITED TRANSPORTATION UNION, *Appellant.*

Joseph P. Delay (of Delay, Curran & Boling) (George M. Joseph and Bemis, Breathouwer & Joseph, of counsel), for appellant.

Patrick K. Shine (of Morrison, Huppin, Ewing & Anderson), for respondents.

MUNSON, J.—Defendant, United Transportation Union, appeals from a judgment awarding each plaintiff $3,312 for benefits under defendant's Job Benefit Fund.

Both plaintiffs were long-time railroad employees and had been members of defendant union since its inception. On December 17, 1968, plaintiff Kemper arrived for work at 6:30 a.m. and was assigned to work a railroad yard other than where he normally worked. He objected to this assignment, but did leave the railroad building to perform his work. He returned at approximately 8 a.m., and made the same complaint to plaintiff Griffith, chairman of the local union grievance committee. After discussion, both plaintiffs asked the boardman on duty to be laid off, first for personal business, and secondly for union business. The boardman denied their request and referred plaintiffs to his supervisor, the yardmaster. After a discussion with the yardmaster, plaintiffs left the premises. The record is unclear as to whether the plaintiffs left with or without being granted permission to do so. After a railroad hearing on December 19, 1968, this issue was decided; plaintiffs were found to be in violation of the railroad Consolidated Code of Operating Rules (1967 ed.), specifically rule 702, which authorizes discharge of employees who absent themselves from duty without proper authority. Both plaintiffs were discharged December 26, 1968.

Prior to their discharge, each plaintiff had paid a monthly fee to defendant union for coverage under a job benefit fund. They made claim for benefits under the fund, and when the claims were denied by the union, they instituted this suit.

The sole issue is whether the trial court properly interpreted an exception clause in favor of plaintiffs.

Exhibit No. 1 is a copy of the Rules and Regulations of the Job Benefit Fund. On page 1 it states:

> To comply with long continuing and insistent demands by many thousands of Brotherhood members over the years to provide benefits to members who suffer loss of wages by reason of being out of employment occasioned *by discharge or suspension as a penalty or method of discipline,* the Board of Directors . . . established a new Fund for that purpose to be entitled "JOB BENEFIT FUND."

(Italics ours.) On page 6 of Exhibit No. 1, under caption "Benefits" it states:

> Payment of benefits from this Fund will be under the direction of the Board of Trustees and Insurance in accordance with the Rules and Regulations covering payment of such benefits contained herein . . . allowed to the extent stated therein in the event the member suffers loss of wages *by reason of being out of employment occasioned by his discharge or suspension as a penalty or method of discipline.*

(Italics ours.) On page 8 of Exhibit No. 1, under caption "Exceptions" the entire paragraph reads as follows:

> Members shall not be eligible for any benefits or compensation whatsoever *for "held out of service," as hereinafter defined* where such claim is based in whole or part upon refusal to perform any duty or service for their employer, sleeping on duty, engaging in a fight, missing calls, reporting late for duty, *not being available for duty,* war, strikes or lockouts, being furloughed, misappropriation of company funds, failure to remit company funds. Removal of company property from premises without proper authority, assignment of wages, garnishment, abandonment of tracks or merger, failure to pass

any examination or test required by the employer, including physical or mental tests, failure to obtain watch comparison or to possess a required watch and/or watch card. Use of intoxicating liquor, possession of intoxicating liquor, beer and/or wine while on duty, use of drugs or narcotics, personal injury or disability; or retirement on pension, and shall not in any case whatsoever pay sick or death benefits to any of its members.

(Italics ours.) The plaintiffs categorize the words "held out of service," as used in the exceptions paragraph, as a third category in addition to discharge and suspension; since plaintiffs were discharged, not held out of service, the exception paragraph does not apply. The defendant argues that the term "held out of service" is a generic term and includes the words discharge or suspension; consequently, plaintiffs' discharge for absence without authority falls under the exception paragraph. The trial court agreed with plaintiffs' contention and granted their claim for benefits.

No definition of the term "held out of service" appears, even though the language of the exception paragraph states: "as hereinafter defined"; nor do the words appear in any other portion of the rules and regulations of the job benefit fund. Neither counsel submits an authoritative definition of "held out of service"; the file reflects a letter by the chairman of the board of trustees of the defendant union wherein he submits his own definition of that term. Likewise, we have not been able to find any definition for the term.[1]

---

[1]We do note that in 45 U.S.C. § 228a (1972), under the federal Railroad Retirement Act of 1937 and subsequent amendments thereto, subsection (c) thereof is as follows:

An individual is *in the service* of an employer . . . if (i) he is subject to the continuing authority of the employer to supervise and direct the manner of rendition of his service, . . . and (ii) he renders such service for compensation, . . .

(Italics ours.) Likewise, 45 U.S.C. § 351(e) (1972), relating to railroad unemployment insurance, in part states:

An individual is *in the service* of an employer . . . if (i) he is subject to the continuing authority of the employer to supervise

If the phrase, "for 'held out of service,' as hereinafter defined," was omitted entirely from the paragraph, then one could reasonably conclude that those exceptions were applicable in the event of suspension or discharge and would require the denial of benefits. But when the drafter places quotation marks around the phrase "held out of service," stating specifically it will be thereinafter defined, and does not define it, it has to have some special meaning other than suspension or discharge. The manner in which it is inserted within the paragraph precludes declaring it to be surplusage. Failure to define the phrase creates an ambiguity.

▆▆▆ The purpose of this fund is analogous to an insurance policy. Thus, the interpretation and construction of the exception provision should be controlled by the rules of law applicable to insurance contracts. A contractual term, reasonably susceptible to two different constructions, must be construed against the party who drafted the same and the construction more favorable to the insured applied, even though the insurer may have intended another meaning. *Safeco Ins. Co. of America v. McManemy,* 72 Wn.2d 211, 213, 432 P.2d 537 (1967). Because of the ambiguity, the term "held out of service" must be deemed to refer to something other than "discharge or suspension." Based upon this rationale, the judgment of the trial court is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

---

and direct the manner of rendition of his service . . . and (ii) he renders such service for compensation: . . .

(Italics ours.) 45 U.S.C. § 354 (1972) sets forth some disqualifying conditions for unemployment insurance under the federal act. Subsection (a-2) thereof in effect states that he is not entitled to compensation if in fact the board finds he left work voluntarily; but nothing indicates this terminology is applicable to the issue before us.